DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **LESLIE LAMBERTIS,** | ) | **CASE NO. 3:21-cv-0047** |
| | ) | |
| Plaintiff, | ) | **ACTION FOR DAMAGES** |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **STARFISH MARKET, CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**APPEARANCES:**

**Joseph Caines, Esq.**
Law Offices of Joseph Caines, P.C.
St. Thomas, USVI
    *For Plaintiff Leslie Lambertis*

**Gregg R. Kronenberger, Esq.**
**Charles E. Lockwood, Esq.**
Dudley Newman Feuerzeig, LLP
St. Croix, USVI
    *For Defendant Starfish Market, Corp.*

## MEMORANDUM OPINION

**MOLLOY,** *Chief Judge.*

    **THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on July 1, 2021.[1] (ECF No. 7.) Plaintiff filed an opposition on July 13, 2021, ECF No. 8, and Defendant subsequently filed a reply on July 27, 2021. (ECF No. 11.) For the reasons stated below, the Court will grant the motion and will grant Plaintiff leave to file an amended complaint.

---

[1] Defendant Starfish Market filed a "corrected" motion to dismiss on July 16, 2021. (ECF No. 9.)

## I. BACKGROUND

Plaintiff, Leslie Lambertis ("Lambertis"), alleges that his former employer, Starfish Market, Corporation ("Starfish Market"), committed several violations of federal and territorial law during the course of his employment. Specifically, Lambertis alleges that he began working for Starfish Market in 2000. Sometime in 2016, Lambert injured his knee and notified Starfish Market of that injury. ¶¶ 26-27. Lambert alleges that, at some point during his employment, "[Starfish Market] demanded that [he] sign an employment agreement to give up all rights to a jury trial." *Id.* at ¶¶ 6, 28-30. Lambertis alleges that when he refused to sign the employment agreement, Starfish Market retaliated against [him]." *Id.* at ¶ 9.

Lambert initiated this action in the Superior Court of the Virgin Islands on February 20, 2020, alleging that Starfish Market laid him off on August 27, 2018, and after he was laid off, "Defendant fired [him]." ECF No. 1-1, Compl. ¶ 12. Lambertis further alleges that he was over 40 years old at the time Starfish Market terminated his employment and that "[s]hortly after Defendant fired [him], the company started hiring younger employees." *Id.* at ¶ 14. The complaint alleges the following causes of action: (1) age discrimination in violation of 29 U.S.C. § 621 and 42 U.S.C. § 2000e, *et seq.*; (2) race discrimination under Title VII of the Civil Rights Act of 1964 in violation of 42 U.S.C. § 2000e, *et seq.* ("Count II"); (3) retaliation under Title VII of the Civil Rights Act of 1964 in violation of 42 U.S.C. § 2000e, *et seq.* ("Count III"); (4) hostile work environment ("Count IV"); (5) disability discrimination under the Americans with Disabilities Act ("ADA") in violation of 42 U.S.C. § 12101 ("Count V"); and (6) wrongful termination under the Virgin Islands Wrongful Termination Act pursuant to 24 V.I.C. § 76.

On June 1, 2021, Starfish Market filed a Notice of Removal removing this matter to the district court. (ECF No. 1.) Starfish subsequently filed a motion to dismiss Counts II, III, IV, and V contending that Lambertis failed to properly state a claim under those causes of action.

## II. LEGAL STANDARD

Starfish Market filed its motion seeking a dismissal of counts II, III, IV, and V pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) allows the Court to dismiss a complaint, or certain portions thereof, for failure to state a claim on which relief

can be granted. In determining whether a complaint fails to state a claim, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

#### A. Count II – Race Discrimination

In Count II of the complaint, Lambertis alleges that "Starfish [Market]'s conduct as alleged herein constitutes discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq.". Compl. ¶ 45. In order to state a viable Title VII claim, a plaintiff must demonstrate that he (1) belongs to a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). To survive a motion to dismiss, Plaintiff must set forth allegations that state a plausible claim of discriminatory treatment. *Fowler*, 578 F.3d at 211 (citing *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 322 (3d Cir. 2008)).

Starfish Market argues that this count should be dismissed because Lambertis fails to allege his race or that he belongs to a protected class. This Court agrees. The complaint is noticeably devoid of any allegations concerning Lambertis' race or that he is a member of a protected class. In his opposition, Lambertis argues that it is common knowledge that the surname "Lambertis" is obviously black and that the Court can draw on its common sense that Starfish Market should know his race because it is indicated in his personnel file. The

*Lambertis v. Starfish Market, Corp.*
Case No. 3:21-cv-0047
Memorandum Opinion
Page 4

Court will decline Lambertis' invitation to take judicial notice that the surname "Lambertis" is black. Furthermore, it is Lambertis that must set forth sufficient allegations to state a plausible claim of discrimination. *See Fowler*, 578 F.3d at 211. A defendant has no obligation to comb through its files to guess and speculate as to the nature of a deficient claim. Accordingly, Count II of the complaint fails to allege a plausible claim of a violation of Title VII.

### B. Count III – Retaliation

In Count III, Lambertis alleges that Starfish Market retaliated against him in violation of 42 U.S.C. § 2000e, *et seq.* of Title VII because he refused to sign an arbitration agreement giving up his rights to a jury trial. Compl. ¶¶ 50-54. To establish a prima facie case under the anti-retaliation provision of Title VII, a plaintiff must show that (1) he engaged in a protected activity; (2) an adverse employment action occurred either after or contemporaneous with his protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006). A "protected activity" under Title VII's anti-retaliation provision "refers either to participating in Title VII proceedings or opposing discrimination made unlawful under the auspices of the statute." *Laino v. N. Children's Servs.*, No. 17-4637, 2018 WL 4615857, at *12 (E.D. Pa. Sept. 25, 2018) (citing *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006)). "Whether the employee opposes, or participates in a proceeding against, the employer's activity, the employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII. *Moore*, 461 F.3d at 341.

Lambertis' Title VII retaliation claim as alleged in Count III is not a viable claim, because a refusal to sign an arbitration agreement in and of itself is not an activity protected under Title VII nor is it broadly considered a Title VII proceeding. *See, e.g.*, *Slagle*, 435 F.3d at 266-67 (holding that a plaintiff had not engaged in a "protected activity" under Title VII by merely having filed a charge with the EEOC). Thus, Lambertis' complaint not does allege any facts demonstrating a violation of the first prong of a Title VII retaliation claim. Accordingly, this count will be dismissed.

### C. Count IV – Hostile Work Environment

Based on the allegations in the complaint, it appears that Lambertis filed a hostile work environment claim due to his failure to sign an arbitration agreement. Compl. ¶¶ 61-68. The complaint, however, does not allege the legal authority for this claim. To the extent Lambertis' hostile work environment claim is based on Title VII, it fails to state a plausible claim.

In order to prevail on a hostile work environment pursuant to Title VII, a plaintiff must demonstrate the following five elements: (1) the plaintiff suffered intentional discrimination because of her membership in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex or race in that position; and (5) there is a basis for vicarious liability. *See Andrews v. Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990). Similar to count III, Lambertis fails to allege a plausible claim that he is a member of a protected class. Accordingly, this count fails to allege a plausible claim for hostile work environment.

### D. Count V – Americans with Disabilities Act

With regards to Count V, Lambertis alleges that, during the course of his employment, he suffered an injury to his knee that required surgery, Compl. ¶¶ 69-71, and that Starfish Market knew of this injury. *Id.* at ¶ 72. Lambertis further alleges that he "was still able to perform certain tasks at Starfish [Market]," *id.* at ¶ 75, and, in a conclusory fashion, he had a disability. *Id.* at ¶ 74. Lambert then alleges that Starfish Market fired him in violation of the ADA. *Id.* at ¶ 76.

Under the ADA, an employer is prohibited from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines a "qualified individual" with a disability as a person with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* at § 12111(8). Furthermore, a "disability" is defined

as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment . . . ." *Id.* at § 12102(1). Thus, in order to establish a prima facie case of discrimination under the ADA, Lambertis must demonstrate: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000).

Starfish Market argues that Count V fails to state a claim under the ADA because there is no indication that Lambertis is disabled. This Court agrees. Although Lambertis alleges that he suffered a knee injury resulting in him having to have surgery, there is no allegation that he has a "physical or mental impairment that substantially limits" a major life activity, has a record of such impairment, or is regarded as having such an impairment. To the contrary, Lambertis alleges that he is still able to perform certain tasks. To be sure, simply having a knee injury, in and of itself, is a not a disability under the ADA. *See, e.g.*, *Benko v. Portgage Area Sch. Dist.*, 241 Fed. App'x 842, 846 (3d Cir. 2007) (opining that bending limitations do not "rise to the level of a severe restriction" under the ADA). Thus, Lambertis has failed to plead a plausible claim that he is disabled under the ADA.

### IV. CONCLUSION

The Court recognizes that at the motion to dismiss stage, "a plaintiff does not need to prove elements of a prima facie case 'because it may be difficult for a plaintiff to prove discrimination [b]efore discovery has unearthed relevant facts and evidence.'" *Dreibelbis v. Cnty. of Berks*, No. 5:19-cv-4946, at 2020 U.S. Dist. LEXIS 21142 (E.D. Pa. Feb. 7, 2020) (quoting *Castleberry v. STI Group*, 863 F.3d 259, 266 (3d Cir. 2017)). However, to survive a motion to dismiss, a plaintiff must allege facts demonstrating a plausible claim. Lambertis has failed to do so with regards to Counts II, III, IV, and V.

Accordingly, for the reasons stated above, the Court will grant Starfish Market's motion to dismiss Counts II, III, IV, and V of the complaint. However, the Court will permit Lambertis leave to file an amended complaint to cure the pleading deficiencies in the

*Lambertis v. Starfish Market, Corp.*
Case No. 3:21-cv-0047
Memorandum Opinion
Page 7

complaint. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (stating that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). While the Court questions the viability of some of the now-dismissed counts, the Court will address any issues pertaining to futility at a later time.

  An appropriate Order follows.

**Dated: March 30, 2022**　　　　　　　　　　　　　s/ *Robert A. Molloy*
　　　　　　　　　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　　　　　　　　　**Chief Judge**